**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**Sarah Rae O.,**

        **Plaintiff,**

v.

**Commissioner of Social Security,**

        **Defendant.**

**Case No. 2:23-cv-1438
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers**

**Opinion and Order**

Plaintiff Sarah Rae O. brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security denying her disability income benefits. This matter is before the Court for consideration of the Defendant's objection (ECF No. 16) to the Magistrate Judge's Report and Recommendation (ECF No. 15) in which the Magistrate Judge recommended that the Court affirm the Commissioner's decision.

For the reasons stated below, the Court overrules Plaintiff's objection and adopts the Magistrate Judge's Report and Recommendation.

**I.  Background**

Plaintiff filed for disability benefits on October 7, 2018. Plaintiff alleges that she has been disabled since April 12, 2018 due to migraines; fibromyalgia; chronic pain; seizures; incontinence; memory problems; conversion disorder; and degeneration of her left shoulder (R. at 26, 166-72, 185). Plaintiff's application was denied initially in April 2019 and upon reconsideration in July 2019 (R. at 79-109, 120-26). Plaintiff was subsequently granted a *de novo* hearing before Administrative Law Judge Kimberly S. Cromer ("ALJ") on April 11, 2022 where the ALJ once again found that the Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 20-53).

Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions: 1. Is the claimant engaged in substantial gainful activity?; 2. Does the claimant suffer from one or more

severe impairments?; 3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?; 4. Considering the claimant 's residual functional capacity, can the claimant perform his or her past relevant work?; 5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy? *See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

Starting at step 1, the ALJ found that the claimant was not engaged in substantial gainful activity. (R. at 18). Since April 12, 2018, the alleged onset date, the ALJ could not find evidence that Plaintiff engaged in substantial gainful activity. (*Id.*).

At Step 2, the ALJ found that the Plaintiff had the following severe impairments: obesity; migraines; fibromyalgia with chronic pain; and a history of degenerative joint disease in the left shoulder (*Id.*).

On Step 3 of the sequential evaluation, the ALJ found that the Plaintiff did not have an impairment, or combination of impairments, that met or medically equaled one of the listed impairments described in C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 29).

At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> Through the date last insured, [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except: [Plaintiff] is able to push/pull within the sedentary capacities. [Plaintiff] is unable to climb ladders, 4 ropes, or scaffolds, but can occasionally climb ramps or stairs. [Plaintiff] can occasionally balance, stoop, kneel, and crouch, but is unable to crawl. [Plaintiff] can have no exposure to hazardous machinery, cannot work at unprotected heights, nor can she engage in commercial driving. [Plaintiff] can perform occasional bilateral operation of foot controls, occasional bilateral overhead reaching, and avoid concentrated exposure to vibration.

(R. at 23). The ALJ further found that Plaintiff was capable of performing her past relevant work as a court clerk and police records clerk (R. at 27).

At the final step the ALJ, relying on the testimony of a Vocational Expert, concluded that Plaintiff could perform other jobs that exist in significant numbers in the national economy, such as an inspector, table worker, or order clerk. (R. at 28). The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act at any time since April 12, 2018, the alleged onset

2

date. (R. at 29). Plaintiff's request for review by the Appeals Council was denied and the ALJ's decision was adopted as the Commissioner's final decision. (R. at 1-6).

In her Statement of Errors (ECF No. 8), Plaintiff raised two main issues. First, she argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ omitted any limitation relating to Plaintiff's use of a doctor-prescribed wheelchair. Plaintiff's second issue relates to the ALJ's conclusion that her mental health impairments were not severe.

## II.  Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

 The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); 42 U.S.C. § 405(g). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## III.  Magistrate Judge's Report and Recommendation

The Magistrate Judge recommended that Plaintiff's two statements of error be overruled and that the decision of the ALJ be affirmed (ECF No. 15).

First, the Magistrate found that the ALJ's RFC Determination is supported by substantial evidence (*Id.* at 6). For an assistive device to be considered a restriction or limitation, there must

3

be sufficient evidence in the record to obligate the ALJ to conclude that the device is "medically necessary," based on a showing that it is "more than just a subjective desire on the part of the plaintiff" to use it." *See Murphy v. Astrue*, No. 2:11-CV-00114, 2013 WL 829316, at *10 (M.D. Tenn. March 6, 2013) (internal citations omitted). Generally, an ALJ's finding that an assistive device is not medically necessary is error when: (i) the claimant has been prescribed an assistive device, (ii) the ALJ did not include the use of the device in the RFC assessment, and (iii) did not explain the omission. *Cruz-Ridolfi v. Comm'r of Soc. Sec.*, No. 1:17-CV-1075, 2018 WL1136119, at *15 (N.D. Ohio Feb. 12, 2018). The Magistrate Judge found that the ALJ applied proper legal standards and that the ALJ's determination that Plaintiff's use of a wheelchair was not medically necessary was supported by substantial evidence (ECF No. 15 at 6).

Second, the Magistrate Judge also found that the ALJ properly addressed the Plaintiff's claimed mental health impairments (ECF No. 15 at 12) and that Plaintiff failed to identify the precise nature of her mental health impairments (*Id.*). A claimant's RFC is an assessment of "the most [a claimant] can still do despite her limitations." 20 C.F.R. § 404.1545(a)(1) (2012). A claimant's RFC assessment must be based on all the relevant medical and other available evidence in his or her case file. *Id.* When considering medical opinions or prior administrative findings, the ALJ must consider their supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2); 404.1520c(b)(2).

Concerning the supportability and consistency of Plaintiff's mental health claims, the Magistrate Judge's R&R reviews the ALJ's consultation of the opinions of psychologists Dr. Zeune and Dr. Savitscus, as well as the opinion of another psychologist Dr. Sadhir Dubey.

The Magistrate Judge found that the ALJ fulfilled her duty to evaluate the supportability and consistency of these opinions. The Magistrate Judge also determined that the ALJ properly consulted new medical evidence obtained after the prior ALJ's decision. In sum, the Magistrate Judge found no error in the ALJ's consideration of the Plaintiff's alleged mental impairments and the ALJ's conclusion that those impairments were not severe.

IV.     **Plaintiff's Objection**

Plaintiff does not object to the Magistrate's findings regarding her mental health impairments. Instead, Plaintiff objects only to the Magistrate's finding that the ALJ properly considered Plaintiff's alleged need for an assistive device when determining her RFC (ECF No. 16 at 2-3). Plaintiff alleges that the Magistrate's acknowledgement of a prescription for the

4

wheelchair shows that all of the necessary evidence is present to meet the standard required for the ALJ to incorporate the wheelchair into the RFC calculation (*Id.*).

Plaintiff rejects the Magistrate's finding that the ALJ pointed to enough evidence to contradict the prescription and need for an assistive device (*Id.*). Plaintiff asserts that in order for the ALJ to reject a "clear prescription from a treating medical source", the ALJ should have "some significant if not overwhelming evidence to the contrary" (*Id.* at 2). Plaintiff asserts that Dr. Hackshaw's prescription is supported by the record and as a result, the ALJ's decision to not incorporate the wheelchair in the RFC was erroneous (*Id.*).

### V. Defendant's Response

In response to Plaintiff's objection, Defendant asserts that the Magistrate was correct in finding that the ALJ's determination regarding the wheelchair was proper (ECF No. 17). Defendant states that Plaintiff's objections repeat the same arguments made in the Statement of Errors (ECF No. 8) and Reply (ECF No. 14). Defendant rests on the arguments made in his brief (ECF No. 13) and urges the Court to adopt the Report and Recommendation issued by the Magistrate Judge.

### VI. *De novo* Review

Upon *de novo* review, the Court concurs with the Magistrate Judge. Plaintiff's objection fails to raise any new claims not already addressed by the Magistrate Judge. In objecting to the Magistrate's findings concerning the consultation of the wheelchair, Plaintiff references a vague and unidentified standard that if met, would prevent the ALJ from dismissing "evidence due to some normal exam findings" (ECF No. 16 at 3). Plaintiff urges the Court to reject the Magistrate's findings based on this standard but fails to identify or validate this standard. The Magistrate acknowledges the prescription for the wheelchair but also correctly found that the mere presence of a prescription does not require the ALJ to include it in the RFC calculation (ECF No. 15 at 11).

The essence of Plaintiff's objection is that there should be "overwhelming evidence" contrary to a prescription in order for a medical professional's prescription to be disregarded or discounted. However, Plaintiff cites no authority for an "overwhelming evidence" standard.

As explained by the Magistrate Judge, if a claimant has been prescribed an assistive device, and the ALJ determines that the assistive device is not medically necessary, then the ALJ must explain her reasons for excluding the prescription from the RFC assessment. *See Cruz-Ridolfi*, 2018 WL 1136119, at *15 (citing cases). Here, the ALJ thoroughly reviewed the medical evidence

5

and explained why the wheelchair was not medically necessary. Her reasons included: (1) the objective medical evidence, including musculoskeletal examinations, showed normal strength, normal range of motion, no muscle atrophy, "intact sensation to all four limbs", normal gait, and walking "with normal turns and speed of ambulation"; (2) the lack of any objective support for Plaintiff's alleged dizziness; (3) and the limited circumstances which led to the prescription (possible seizure activity, but the doctor did not deem it necessary for Plaintiff to have a follow-up appointment until one year later). (R. at 25, 26, 238, 277-78, 284, 386, 463, 366, 481, 518, 523, 538-39, 550, 575).

The Court agrees with the Magistrate Judge's finding that the ALJ's conclusion was supported by substantial evidence and that there was no error in the decision to not include an RFC limitation relating to Plaintiff's use of a wheelchair.

**VII. Conclusion**

For the reasons stated above, the Court overrules Plaintiff's objections (ECF No. 16) and **ADOPTS** the Magistrate Judge's Report and Recommendation. (ECF No. 15). The decision of the Commissioner is **AFFIRMED.** The Clerk of Court is directed to enter final judgment in this manner.

**IT IS SO ORDERED**

    _s/ James L. Graham_
    James. L Graham
    United States District Judge

Date: June 20, 2024